IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Maceo Sandy Scott, Jr., ) | Civil Action No. 3:19-cv-00908-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Richland County Sheriffs Dept., ) | |
| *Officers/Investigators*; George Poulin, Jr., ) | |
| *Officer/Investigator*; Gilbert Gallegos, ) | |
| *Officer/Investigator*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Maceo Sandy Scott, Jr., proceeding *pro se* and *in forma pauperis*, filed a Complaint, pursuant to 28 U.S.C. § 1983 (1996), alleging that Defendants Richland County Sheriffs' Department, George Poulin, Jr., and Gilbert Gallegos, violated his constitutional rights. (ECF No. 1.) The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 8.) For the reasons below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 8) and **DISMISSES** Plaintiff's Complaint (ECF No. 1).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 8 at 1-3.) On March 26, 2019, Plaintiff filed a Complaint claiming false arrest and false imprisonment by Defendants. (ECF No. 1 at 7.) Specifically, Plaintiff asserts that there is no evidence to support the charges of burglary, grand larceny, and throwing bodily fluids. (*Id.* at 6.) Plaintiff seeks relief from these pending charges because of the deleterious effect on his employment opportunities. (*Id.* at 5-6.) On April 11, 2019, the Magistrate Judge issued a Report recommending that the court dismiss Plaintiff's Complaint without issuance

and service of process and with prejudice to file again during the pendency of his criminal charges. (ECF No. 8.) Plaintiff timely filed objections to the Report on April 29, 2019. (ECF No. 10.)

## II. LEGAL STANDARDS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se*

documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. ANALYSIS

Plaintiff's objection broadly addresses the Magistrate Judge's Report and requests that "[Plaintiff's] case be viewed by the district court judge." (ECF No. 10 at 1.) In the absence of specific objections, the court must only review the record to ensure that there is no clear error. *See Diamond*, 416 F.3d at 315. The Magistrate Judge concluded that Plaintiff's Complaint is subject to the *Younger* abstention doctrine. (ECF No. 8 at 3 (citing *Younger v. Harris*, 401 U.S. 37 (1971)).) "[T]he Supreme Court held a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary circumstances." (*Id.*) Moreover, the Report provides: "From *Younger* and its progeny, the Fourth Circuit has culled the following test to determine when abstention is appropriate: '(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings.'" (*Id.* (citing *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994)) (citations omitted).)

Here, the Magistrate Judge determined that Plaintiff is involved in an ongoing state criminal proceeding. (*Id.* at 4.) As such, the *Younger* doctrine is applicable because the State has an interest in administering the criminal justice system "free from federal interference . . . [and] that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Furthermore, "Plaintiff has the opportunity to present his constitutional claims in state court during the disposition of his criminal charges." (ECF No. 8 at 4.) Consequently, the court declines to exercise jurisdiction over Plaintiff's Complaint because it is not the proper venue.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 8) and **DISMISSES** Plaintiff's Complaint (ECF No. 1) without issuance and service of process and with prejudice to file again during the pendency of his criminal charges.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 4, 2019
Columbia, South Carolina